IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANN MAH,

          Plaintiff,

v.                                            Case No. 12-4148-JTM

BOARD OF COUNTY
COMMISSIONERS of SHAWNEE
COUNTY KANSAS, *et al.*,

          Defendants.

## MEMORANDUM AND ORDER

The following matter comes to the court upon intervenor-defendant Kris Kobach's Motion to Dismiss (Dkt. 31). Having considered the briefs, the court grants the Motion.

**I. Factual Background**

On November 6, 2012, Representative Ann Mah was a candidate for re-election to the Kansas House of Representatives, 54th District, which includes parts of Douglas, Osage, and Shawnee County. The initial vote count was quite close and Representative Mah made a Kansas Open Records Act request seeking the names of individuals who cast provisional ballots in her race. The Board of County Commissioners of Shawnee County denied the request based on KAN. STAT. ANN. § 25-2422, which prohibited disclosure of the contents of ballots "except as ordered by a court of competent jurisdiction." Representative Mah petitioned Shawnee County District Court, which she argued to be a "court of competent jurisdiction." The state court ordered the Shawnee

County Election Office to disclose to the petitioner "the names of all voters who cast provisional ballots for the 54th House District in Shawnee County . . . by 6:00 p.m. on Friday, November 9, 2012." The court noted that the petitioner was not requesting information regarding the content of any ballot or the reason voters cast a provisional ballot. On the same afternoon, Secretary of State Kris Kobach filed a Motion for Temporary Restraining Order in the U.S. District Court, District of Kansas, asking the court to prevent the disclosure of the names of the provisional voters. The Secretary argued that the disclosure of these names would be in violation of 42 U.S.C. § 15482(a)(5)(B). The Shawnee County Election Commission disclosed the names before 6:00 p.m. on November 9, as the court had ordered.

After expedited hearings, the court denied the Secretary of State's Motion for Temporary Restraining Order on November 14 (Dkt. 14), ruling that § 15482(a)(5)(B) does not protect the names of the voters casting provisional ballots. However, KAN. STAT. ANN. § 25-2422 was amended on April 16, 2013, and the amendments became effective July 1, 2013. The statute now prohibits disclosing "any ballot or the manner in which the ballot has been voted, whether cast in a regular or provisional manner, or the name of any voter who cast such ballot." KAN. STAT. ANN. § 25-2422(a)(1). The statute also mandates that "[t]he name of any voter who has cast a ballot shall not be disclosed from the time the ballot is cast until the final canvass of the election by the county board of canvassers." KAN. STAT. ANN. § 25-2422(b).

The Secretary of State now moves to dismiss this case under Rule 12 of the Federal Rules of Civil Procedure, claiming that the amended statute renders the issue

2

moot. Mah responds that this matter falls under an exception to the mootness doctrine because the issue is capable of being repeated, yet evading review. Mah alleges that although KAN. STAT. ANN. § 25-2422 was amended, other scenarios may arise in which the names of voters casting provisional ballots may be at issue. Specifically, Representative Mah asserts that a candidate could request the copies of poll books, which contain the voter's signature and an indication if the voter cast a provisional ballot, and this act might also be challenged under the federal law at issue in this case.

## II. Legal Standard

Under Article III of the U.S. Constitution, federal courts are courts of limited jurisdiction and may only adjudicate actual, ongoing cases or controversies. *Unified Sch. Dist. No. 259 v. Kan. Advocacy & Protective Servs., Inc.*, 2005 WL 3655910 (D. Kan. Dec. 11, 2005) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). This requirement exists throughout all stages of the case and federal courts may not decide questions that do not affect the rights of the litigants in the case before it. *Lewis*, 494 U.S. at 477. *Lewis*, 494 U.S. at 477. The parties must continue to have a personal stake in the outcome of the suit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations omitted). To invoke federal court jurisdiction, the litigant must have suffered, or be threatened with, an actual injury traceable to the defendant that may be redressed by a favorable judicial decision. *R.M. Inv. Co. v. U.S. Forest Serv.*, 511 F.3d 1103, 1107 (10th Cir. 2007) (citing *Lewis,* 494 U.S. at 477–78). "A case becomes moot when events occur which resolve the controversy underlying it." *Marrie v. Nickels*, 70 F. Supp. 2d 1252, 1259 (D. Kan. 1999) (citing *United States v. Dominguez–Carmona*, 166 F.3d 1052, 1055 (10th Cir. 1999)). When a

case is moot, a court decision does not resolve the parties' issue and the decision therefore constitutes a constitutionally impermissible advisory opinion. *Id*. When a statute is modified to resolve an issue raised by pending litigation, the court may determine that the dispute is moot. 13C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3533.6 (3d ed. 2013).

A case will not be dismissed as moot if the issue is deemed a wrong that is capable of repetition yet evading review. *R.M. Inv. Co.*, 511 F.3d at 1107 (internal citation omitted). This narrow exception applies where (1) the challenged action is too short to be fully litigated prior to the action's expiration, and (2) there is a reasonable expectation that the same complaining party will again be subject to the same action. *Booth v. Barton Cnty.*, 157 F. Supp. 2d 1178, 1182 (D. Kan. 2001) (citing *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999)). The court will not assume that the party seeking relief will repeat her conduct so that she is again affected by the objectionable action. *McAlpine*, 187 F.3d at 1217 (citing *Honig v. Doe*, 484 U.S. 305, 320 (1988)). Instead, the capable-of-repetition exception will only apply when the party seeking relief can make a reasonable showing that she will again be subjected to the offensive action. *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)).

**III. Analysis**

The capable-of-repetition doctrine may be applied in election regulation cases because the act at issue generally expires before the matter is fully litigated. *See Fed. Election Comm'n v. Wis. Right To Life, Inc.*, 551 U.S. 449, 463 (2007); *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 736 (2008). There is no question that here, the time-sensitive

4

request for the names of provisional voters meets this first requirement. However, Mah does not present a reasonable expectation that she will face this issue again.

A party has a reasonable expectation that she will be the subject of the same action when she can establish a credible claim that her future action will be materially similar to the current action and that she will likely be subject to the same adverse action creating the controversy. *Wisconsin Right To Life*, 551 U.S. at 463. In *Wisconsin Right To Life*, suit was filed against the Federal Election Commission challenging the constitutionality of a black-out period of campaign advertising. 551 U.S. at 457–461. The U.S. Supreme Court determined that although the campaign black-out period had ended, the case was excluded from the mootness doctrine because Wisconsin Right to Life credibly claimed that its future materially similar ads would run within another blackout period, and the FEC would likely prohibit such advertising again. *Id.* at 463.

In *Davis v. Fed. Election Comm'n*, the Court determined that although the election and campaign reporting periods had already passed, the issue was not moot. 554 U.S. at 736. In that case, Davis was a self-financed candidate subject to certain campaign finance disclosures, and he filed suit against the FEC to challenge those disclosures. *Id.* at 731–732. Although the issue stretched beyond the election date, Davis publicly announced his intention to run again as a self-financed candidate. *Id.* at 736. The Court determined that the campaign finance requirement was not a moot issue because Davis would again run as a self-financed candidate and be required to make the same campaign disclosures at issue. *Id.*

Here, Mah has not indicated that she may once again be subjected to the same actions prohibiting her from receiving the names of provisional voters. First, she makes no claim that she will again run for office. Likewise, she does not assert that she will attempt to request the names of provisional voters shortly after the election but prior to the final canvass. Indeed, if she runs again for office, she may win or lose by a wide margin and, therefore, would have no practical need to request the names of the provisional voters. Although Mah claims that future candidates may face the issues presented in this case, "[a]n allegation of collateral consequences in a separate lawsuit does not fall within any exception to the mootness doctrine." *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1184 (10th Cir. 2000) (internal quotations omitted). This court may not decide issues that do not affect the rights of the litigants in the case before it. *Lewis*, 494 U.S. at 477.

Second, the newly amended KAN. STAT. ANN. § 25-2422(b) prevents the names of provisional voters from being disclosed until the final canvass of the county board of canvassers. This change in the law resolves the underlying controversy, rendering it moot. *See Marrie*, 70 F. Supp. 2d at 1259. Even if Mah were to run for office once more and attempt to request the names of provisional voters prior to the final canvass, the plain language of the statute prohibits such action. Additionally, the legislative history indicates that the amendments to KAN. STAT. ANN. § 25-2422(b) were proposed to answer the question raised by this pending litigation. Second Conf. Comm. Rep. Brief, S.B. No. 122 (2013). The amended statute renders this issue moot. 13C WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3533.6 (3d ed. 2013).

**IV. Conclusion**

The court finds this matter moot due to the recent amendments to KAN. STAT. ANN. § 25-2422. The plaintiff has not established that this matter is entitled to any mootness exception because there is not a reasonable expectation that she will be subject to the same action at a later date. The defendant-intervenor's motion to dismiss is granted.

IT IS THEREFORE ORDERED this 31st day of July, 2013, that the intervenor-defendant's Motion to Dismiss (Dkt. 31) is granted.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE